IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>REO BENALLY,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE<br><br><br><br>Case No. 2:06-CR-381 TS |

　　　The United States has filed a Motion in Limine[1] seeking to exclude the following evidence on relevancy grounds: (1) evidence relating to the separation proceedings between Defendant and Julia Pete; (2) evidence relating to the victim's behavior at Child Haven; and (3) evidence relating to the basis for the second medical examination of the victim.  Defendant opposes this Motion.  For the reasons discussed below, the Court will deny the government's Motion.

---

　　　[1]The government's Motion in Limine was originally filed in Criminal Case No. 2:03-CR-799 TS, Docket No. 202.  Case No. 2:03-CR-799 TS was subsequently dismissed and Defendant was re-indicted in Criminal Case No. 2:06-CR-381 TS.  The government's Motion in Limine was then re-docketed in the above-entitled case.

1

I.  DISCUSSION

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[3]

A.  EVIDENCE RELATING TO THE SEPARATION PROCEEDINGS BETWEEN DEFENDANT AND JULIA PETE

The government seeks to preclude the defense from offering evidence of and making inquiry into the separation and child custody proceedings in Navajo Tribal Court related to Defendant and his most recent common-law wife, Julia Pete.  The government argues that these proceedings took place prior to the event in question and are irrelevant.

Defendant argues that evidence arising from these proceedings is necessary to rebut the evidence relating to prior sexual assaults, which the Court has deemed admissible pursuant to Federal Rules of Evidence 413 and 414.[4]  Defendant argues that the evidence arising from these separation proceedings is meant to show that Defendant has changed and that he is no longer at risk of committing similar offenses.  In particular, Defendant argues that the custody evaluation finds that he was a fit and appropriate person to have custody of the parties' young children. Defendant states that he will offer the evaluation into evidence, not the other details of the

---

[2] Fed. R. Evid. 401

[3] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[4] *See* Docket No. 196.

divorce. Any other evidence relating to these proceedings would only be used for impeachment purposes.

The Court finds that the custodial evaluation is relevant and may be admitted. Other evidence concerning the separation of Defendant and Julia Pete is irrelevant, however, and Defendant has indicated he does not seek to introduce that evidence, and it will not be admitted.

B.   EVIDENCE RELATING TO THE VICTIM'S BEHAVIOR AT CHILD HAVEN

The government next seeks to preclude evidence relating to the victim's behavior while placed in Child Haven in 2002. The government also seeks to preclude evidence concerning incidents involving the victim's two younger siblings during their placement at Child Haven. Defendant concedes that the incidents involving the siblings are irrelevant. Defendant argues, however, that the incidents concerning the victim are relevant in determining the credibility of the victim.

The Court will permit evidence concerning the victim's credibility. This evidence may or may not include the incidents at Child Haven. The Court will make this determination during trial. The Court wishes to state that it will not allow evidence of these incidents merely to show the victim's behavior generally, but will allow it for credibility purposes.

C.   EVIDENCE RELATING TO THE BASIS FOR THE SECOND MEDICAL
     EXAMINATION OF THE VICTIM

The government also seeks to exclude a notation in the Navajo Social Services file regarding the reason for the second examination of the victim. The government states that the second examination was requested by the Assistant United States Attorney involved in this case, while Defendant argues that the notation suggests the second examination was requested because of "inconsistencies" in the victim's explanation of the incident.

The Court finds that this evidence is relevant and will not be exclude on relevancy grounds.  As a result, the Court will deny the government's Motion on this ground.  The government is not precluded from challenging the introduction of this evidence on other grounds, such as hearsay, during trial.

## II.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 9) is DENIED.

DATED   June 2, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge